**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

RICHARD H. MORRISON,

    Petitioner,

v.                                              CASE NO: 8:09-CV-302-T-30AEP

SECRETARY, DEPARTMENT OF
CORRECTIONS, et al.,

    Respondents.
_____/

# **ORDER**

Petitioner, an inmate in the Florida penal system proceeding *pro se*, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254 (Dkt. 5). The Court has considered the petition, Respondent's response (Dkt. 16) and Petitioner's reply (Dkt. 21). Upon review, the Court determines that the petition must be denied because the claims are procedurally barred and fail to state or show violations of federal constitutional rights.

## **BACKGROUND**

On April 10, 2003, Petitioner Richard Morrison (hereinafter "Petitioner") was indicted on one count of armed robbery for allegedly using a gun wrapped in a tee-shirt to rob two men outside an ATM in Plant City, Florida. A Hillsborough County jury convicted Petitioner of armed robbery on September 26, 2003. Because he was a Prison Release Reoffender, Petitioner was sentenced to life imprisonment. Petitioner's motion for a new trial was denied

on October 13, 2003. Petitioner asserted four grounds on appeal: (1) trial court's failure to give a jury instruction about the dangers of cross-racial eyewitness identifications; (2) prosecution's improper impeachment of defendant's witness by eliciting evidence that the witness drank a quart of beer the morning of trial; (3) improper hearsay evidence of a confidential source identifying Petitioner as the perpetrator; and (4) improper evidence of an impermissibly suggestive out-of-court identification. The Court of Appeal affirmed his conviction per curium on August 5, 2005. *Morrison v. State*, 911 So. 2d 111 (Fla. 2d DCA 2005). The Court of Appeal denied Petitioner's motion for rehearing, certification and request for a written opinion on September 9, 2005.

On January 13, 2006, Petitioner filed a pro se motion for post-conviction relief pursuant to Fla. R. Civ. Pro. 3.850. He raised six grounds of ineffective assistance of counsel. On July 21, 2006, the trial court granted Petitioner a hearing on three of the grounds. After the December 14, 2006 hearing, the trial court denied Petitioner's 3.850 motion on January 31, 2007.

Even though Petitioner did not timely appeal the trial court's denial of his 3.850 motion, the Court of Appeal granted him leave to proceed with a belated appeal on July 5, 2007.[1] The Court of Appeal affirmed the trial court per curiam on June 4, 2008. *Morrison v. State*, 987 So. 2d 1220 (Fla. 2d DCA 2008). The mandate was issued August 25, 2008.

---

[1] The trial court denied Petitioner's 3.850 motion on January 31, 2007, but the court clerk did not mail Petitioner a copy of the order until May 3, 2007, several months after Petitioner's time for appeal had expired.

Petitioner initially filed a habeas petition with this Court on February 19, 2009 (Dkt. 1). After being ordered to file an amended petition, Petitioner filed the instant petition on April 13, 2009 (Dkt. 5).

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. §2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), enacted and effective on April 24, 1996, "a district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or law or treaties of the United States." 28 U.S.C. §2254(a). Where a state court initially considers the issues raised in the petition and enters a decision on the merits, 28 U.S.C. §2254(d) governs the review of those claims. *See Penry v. Johnson*, 532 U.S. 782, 792 (2001); *see also Henderson v. Campbell*, 353 F.3d 880, 889-90 (11th Cir. 2003).

Habeas relief may not be granted with respect to a claim adjudicated on the merits in a state court unless the adjudication of the claim:

1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d). *Price v. Vincent*, 538 U.S. 634, 638-39 (2003); *Clark v. Crosby*, 335 F.3d 1303, 1308 (11th Cir. 2003). A state court's factual finding is presumed to be correct,

and a petitioner must rebut the presumption of correctness by clear and convincing evidence. 28 U.S.C. §2254(e)(1).

## DISCUSSION

### Ground 1

In support of his petition, Petitioner asserts:

> The Trial Court Erred in Refusing to Instruct the Jury on the Dangers of Eyewitness and Cross-Racial Identification

Petitioner argues that because the prosecution's case relied solely on eyewitness identification and there was no physical evidence, the trial court should not have declined his request for a jury instruction that there are well-documented problems of cross-racial identification. Petitioner argues that he had a right for this instruction to be read to the jury, and that it is "reversible error when a court refuses to give a requested jury instruction that accurately states the applicable law, if there is evidence supporting the instruction and the instruction is necessary to allow the jury to properly resolve all issues in the case."

In order to avoid procedural default, a petitioner must fully exhaust state remedies by providing the state court a fair opportunity to adjudicate a claim based on federal constitutional rights. *Anderson v. Harless*, 459 U.S. 4, 6-8 (1982). A federal claim is not exhausted in state court if it is raised in state court only as a state law claim. *Id.* The petitioner must "fairly present" his federal claim in state court in order to alert that court of the federal nature of the claim. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). A claim is not fairly presented in state court when the direct appeal does not make reference to a federal

constitutional issue subsequently raised in a federal habeas petition. *Zeigler v. Crosby*, 345 F.3d 1300, 1307 (11th Cir. 2003).

In this case, Petitioner's claim is procedurally barred because he failed to assert or even reference a federal constitutional right in his state court appeal. Even if he were not in default, Petitioner's claim would lose on the merits. He does not identify in the instant petition a federal constitutional right that was violated. Petitioner's assertion that he had a right to instruct the jury on the dangers of eyewitness and cross-racial identification is not a right identified by the U.S. Supreme Court. As Petitioner himself notes, "the trial court had discretion regarding the instructions allowed at trial."

Not only has Petitioner procedurally defaulted by failing to exhaust a constitutional claim in state court, he does not identify in the instant petition a right that has been violated that would make him eligible for federal habeas relief. For these reasons, Petitioner is not entitled to relief on this Ground.

**Ground 2**

In support of his petition, Petitioner asserts:

> The Trial Court Erred in Allowing the Prosecutor to Attack the Credibility of Morrison's Sole Witness by Introducing Evidence of Prior Alcohol Consumption

Petitioner argues that it was improper for the prosecution to attack the credibility of a witness who testified that it was not Petitioner who assaulted him. According to Petitioner, it was reversible error for the trial court to allow the prosecutor to introduce testimony that Petitioner's witness had drunk a quart of beer prior to testifying. Petitioner argues that the

prosecutor improperly elicited this testimony not to impeach the witness, but rather to impermissibly "suggest to the jury that [the witness] was a bad person because he was the type of individual who would drink at 11 a.m."

As discussed *supra*, a state prisoner seeking federal habeas relief is in procedural default if he asserts a federal claim in a federal habeas petition that he did not exhaust in state court. *Baldwin*, 541 U.S. at 29. In this case, Petitioner has procedurally defaulted. He did not raise the constitutional dimension of his claim on state appeal, so did not exhaust state remedies.

Even if Petitioner were not in default, his claim would fail on the merits. Petitioner's argument that the state trial judge allowed improper impeachment testimony questions whether the trial court correctly interpreted state evidentiary rules. A state court's interpretation of state law is not a ground for federal habeas relief. *Carrizales v. Wainwright*, 699 F.2d 1053, 1054-55 (11th Cir. 1983).

For these reasons, Petitioner is not entitled to relief on this Ground.

**Ground 3**

In support of his petition, Petitioner asserts:

> The Trial Court Erred in Allowing the State to Introduce Inferential Hearsay in Violation of Morrison's Constitutional Rights

Petitioner argues that his federal constitutional rights were violated when the trial court allowed a police detective to testify about information he received from a confidential informant indicating that Petitioner committed the robbery. Petitioner contends that this was

impermissible hearsay testimony because he did not have an opportunity to cross-examine the informant to rebut the testimony.

The testimony in question involved the prosecution's direct examination of Detective. Philip Petry (hereinafter "Petry") of the Plant City Police Department, who did a follow-up investigation of the ATM robbery:

> Q. Did you conduct an investigation based on the information you had in this case?
>
> A. Yes, I did.
>
> Q. Based on that information and your investigation, were you able to develop a suspect in this case?
>
> A. Yes, I was.
>
> Q. And who was the suspect –
>
> Defense counsel: Objection, Your Honor, this is going to rely on hearsay.
>
> The Court: Overruled.
>
> Q. Who is the person that you developed as a suspect?
>
> A. Mr. Morrison

(Dkt. 20, Tab 1, Vol. III, at R. 227-28).

Error in applying a state rule of evidence does not justify federal habeas relief unless the error is of such magnitude as to render the trial fundamentally unfair and thus violative of due process. *DeBenedictis v. Wainwright*, 674 F.2d 841, 843 (11th Cir. 1982). A defendant's rights under the Sixth Amendment's Confrontation Clause is violated if a court

admits evidence of testimonial out-of-court statements, unless the defendant had a prior opportunity to cross-examine the out-of-court declarant. *Crawford v. Washington*, 541 U.S. 36 (2004). What is or is not hearsay evidence in a state court proceeding is governed by state law. *Gochicoa v. Johnson*, 118 F.3d 440, 445 (5th Cir. 1997). According to Florida law, hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fla. Stat. 90.801(c).

Petitioner has not demonstrated that the testimony in question constituted hearsay. Though Petitioner asserts that Petry's information came from a confidential informant whom Petitioner did not have an opportunity to cross-examine, Petry's testimony did not make reference to the source of his information or attempt to proffer any out-of-court statements. Though Petry's information may have come from out-of-court statements, this does not render his own testimony hearsay.

Because Petry's testimony did not constitute hearsay, it did not violate Petitioner's Sixth Amendment rights. For this reason, Petitioner is not entitled to relief on this Ground.

**Ground 4**

In support of his petition, Petitioner asserts:

> The Trial Court Erred in Not Excluding the Out-of-Court Identification of Morrison by Eyewitness Larry Jones; the Identification Procedure Employed by the Police Was Unnecessarily Suggestive and Conducive to Irreparable Mistaken Identification

Petitioner argues that when police showed the robbery victim a six-picture photopack containing a photo of Petitioner, the process was unduly suggestive because his photo was

noticeably different from the other five. Petitioner asserts that the image of his face in his photo was significantly larger than the other images, which suggested to the victim that he was the suspect police were pursuing. He argues that when using a relatively small number of photographs, minor differences between the photos can make a photo stand out and be unduly suggestive.

An eyewitness identification can violate a defendant's right to due process if the identification procedures were "unnecessarily suggestive and conducive to irreparable mistaken identification." *Mason v. Brathwaite*, 432 U.S. 98, 104 (1977). Even if an identification procedure is suggestive, it is the "likelihood of misidentification that violates a defendant's right to due process." *Neil v. Biggers*, 409 U.S. 188, 199 (1972). The central question is "whether under the 'totality of the circumstances' the identification was reliable even though the confrontation procedure was suggestive." *Id.* When evaluating the likelihood of misidentification, courts consider a number of factors, including: (1) the witness's opportunity to view the defendant at the time of the crime; (2) the witness's degree of attention when he saw the defendant; (3) the amount of certainty the witness exhibited at the confrontation; and (4) the length of time between the crime and the confrontation. *Id.*

Petitioner fails to show that, under the totality of the circumstances, the identification was unreliable. According to testimony during a state court hearing on the admissibility of the identification, the trial judge noted that Petitioner's photo measured 6.5 millimeters from the top of the head to the bottom of the chin, and that the smallest of the photos measured 4.8 millimeters, meaning that Petitioner's photo was about 35 percent bigger than the smallest

photo (Dkt. 20, Tab 1, Vol. III, at R. 121.) However, the court also noted that another one of the six photos also stood out from the others (Dkt. 20, Tab 1, Vol. III, at R. 121-22). The witness testified that he got a good look at his assailant, that he was only a short distance from the assailant, and that only two or three days passed between the robbery and when the witness identified Petitioner's picture in the photopack (Dkt. 20, Tab 1, Vol. III, at R. 152-53). The officer who showed the photopack to the witness testified that he quickly picked out Petitioner's photo and that he was certain Petitioner was the person who attacked him. (Dkt. 20, Tab 1, Vol. III, at R. 141-42).

Based on this testimony, the trial court found that the photopack was not unduly suggestive (Dkt. 20, Tab 1, Vol. III, at R. 178). Petitioner has not shown that the trial court's decision was based on an unreasonable determination of the facts in light of the evidence. This Court finds nothing in the record to indicate that the identification was so unreliable that it violated Petitioner's due process rights. For these reasons, Petitioner is not entitled to relief on this Ground.

**Ground 5**

In support of his petition, Petitioner asserts:

> Because the Florida State Courts failed to consider key factual allegations relative to Morrison's ineffective assistance of counsel claim, where Mr. Inman coerced Morrison not to testify at trial, there [sic] decision was contrary to, and involved an unreasonable [sic] of clearly established federal law.

In an unnumbered ground, Petitioner states that his attorney, Charles Inman (hereinafter "Inman"), an attorney with the Hillsborough County Public Defender's Office,

coerced him not to testify at trial. He states that Inman told Petitioner that if he testified the prosecution would "chew him up," that he would lose and be sentenced to life in prison. At the 3.850 hearing on this claim, it was Petitioner's word against Inman's word about the legal advice Inman gave Petitioner. Petitioner argues that the state court incorrectly found as a matter of law that Petitioner could not carry his burden without presenting evidence in addition to his own testimony. Petitioner goes on to note that the trial court's opinion did not state why Inman's testimony was more credible than Petitioner's testimony.

As discussed *supra*, a petitioner must fully exhaust state remedies in order to assert a claim in a federal habeas corpus petition, and must fairly present every issue raised in his petition either on direct appeal or on collateral review. *Castille v. Peoples*, 489 U.S. 346, 351 (1989). Once the claim is procedurally barred on the state level, it is similarly barred from federal habeas relief. *Henderson*, 353 F.3d at 891. Under Florida's procedural rules, when a trial court denies a 3.850 motion following an evidentiary hearing, a defendant who appeals must submit a brief supporting each issue to be reviewed. Fla. R. App. P. 9.141(b)(3)(C). If the defendant does not fully brief and argue an issue, it is procedurally barred. *Duest v. Dugger*, 555 So. 2d 849, 852 (Fla. 1990).

In his appeal of the trial court's denial of his 3.850 motion, Petitioner asserted only two claims: (1) the trial court abused its discretion and violated Petitioner's due process rights by denying his motion for appointment of appellate counsel for his appeal of the denial of the 3.850 motion; and (2) the trial court erred by denying his 3.850 motion without attaching portions of the hearing conclusively refuting his claims (Dkt. 20, Tab 15).

Petitioner's appeal of the denial of his 3.850 motion did not address ineffective assistance of counsel. Because Petitioner failed to properly appeal this claim in state court, the issue is procedurally barred here.

A procedural bar will be excused only in two narrow circumstances. First, a petitioner can obtain federal habeas review of a procedurally defaulted claim if he shows both "cause" for the default and "actual prejudice" that resulted from the default. To show cause, a petitioner must show that some external factor impeded his ability to properly raise the claim in state court. *Henderson*, 353 F.3d at 892. To show prejudice, a petitioner must show that there is at least a reasonable probability that there would have been a different result. *Id.*

Second, a petitioner can obtain federal habeas review of a procedurally defaulted claim if review is necessary to correct a fundamental miscarriage of justice. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000). This exception is available only "where a constitutional violation has resulted in the conviction of someone who is actually innocent." *Henderson*, 353 F.3d at 892.

Petitioner does not meet either of these exceptions. He has not identified an external cause preventing him from raising this claim in the state proceedings, nor has he demonstrated that there would have been a different result if he had been able to raise the claim. Petitioner has also not pointed to or asserted any new facts indicating that he was actually innocent of armed robbery.

Even if the issue were not procedurally barred, Petitioner's argument would fail on the merits. Petitioner has not met his burden to show ineffective assistance of counsel under

the test articulated in *Strickland v. Washington*, 466 U.S. 668 (1984). The two-prong *Strickland* test requires a petitioner to show: (1) counsel's performance was so deficient and he made errors so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment; and (2) counsel's substandard performance prejudiced the petitioner. *Id*. at 687. The deferential standard of the first prong carries with it the strong presumption that counsel's performance fell "within the wide range of reasonable professional assistance" and that counsel's actions were "sound trial strategy." *Id*. at 689. The second prong, which addresses prejudice, requires a petitioner to show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

Petitioner has failed to meet his burden to show that his counsel's actions were outside the wide range of reasonable professional assistance. Though he asserts that Inman coerced him not to testify, Inman gave plausible testimony that he did not coerce Petitioner to assert his Fifth Amendment right to remain silent. Furthermore, Petitioner also fails to articulate how the outcome of the case would have been different if he had taken the stand. This Court notes that Inman testified he told Petitioner that taking the stand would have opened the door to the prosecution eliciting testimony that Petitioner had previously been convicted of felonies, which likely would not have helped his case.

For these reasons, Petitioner is not entitled to relief on this Ground.

It is therefore ORDERED AND ADJUDGED that:

1. The petition for writ of habeas corpus (Dkt. 5) is DENIED.

2. The Clerk is directed to enter judgment in favor of Respondents and against the Petitioner, terminate any pending motions, and close this file.

**DONE** and **ORDERED** in Tampa, Florida on January 28, 2010.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies Furnished To**:
Counsel/Parties of Record

*F:\Docs\2009\09-cv-302.deny 2254.wpd*