UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RICHARD H. MORRISON,

    Petitioner,

-vs-                                                      Case No. 8:09-CV-302-T-30AEP

SECRETARY, FLORIDA
DEPT. OF CORRECTIONS, et al.,

    Respondents.
_____/

## ORDER

This matter is before the Court on Petitioner's "Timely Motion for Rehearing or Reconsideration" (hereinafter "motion") (Dkt. 24) seeking reconsideration of the Court's January 28, 2010 Order denying his petition for a writ of habeas corpus (see Dkt. 22). Petitioner fails to cite any legal authority for his motion.

The Federal Rules of Civil Procedure provide two vehicles by which a party may seek relief in a postjudgment motion, Fed. R. Civ. P. 59(e) and Fed. R. Civ. P. 60(b). In addressing the classification of postjudgment motions, the Eleventh Circuit "has drawn a substantive/collateral distinction: 'Rule 59 applies to motions for reconsideration of matters encompassed in a decision on the merits of the dispute, and not matters collateral to the merits.'" *Finch v. City of Vernon*, 845 F.2d 256, 259 (11th Cir. 1988) (citations omitted). Petitioner challenges the substance of the Court's order denying him habeas relief.

Therefore, Petitioner's motion will be construed as a motion to alter or amend the judgment pursuant to Rule 59(e).

"The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007)(quoting *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999)). In support of his motion, Petitioner does not present newly-discovered evidence. Instead, it appears he argues that this Court committed a manifest error of law in concluding that some of the claims in his § 2254 petition were procedurally barred.[1] In support of his argument, he appears to assert that this Court should not have imposed "a procedural impediment[,]" i.e., should not have denied some of his claims as procedurally barred, because failure to address the merits of all of his claims will lead to "a manifest injustice." (See Dkt. 24 at pg. 4). Petitioner's argument, however, is wholly without merit as this Court did consider the merits of each claim in his petition, and concluded that none has merit (see Dkt. 22). Moreover, Petitioner has not demonstrated that this Court erred in determining that Grounds One, Two, and Five of his § 2254 petition were unexhausted and procedurally barred, and subject to denial on that basis.[2]

---

[1]This Court found that Grounds One, Two, and Five of Petitioner's § 2254 petition were unexhausted and procedurally barred (see Dkt. 22). This Court also denied these grounds on the merits (Id.).

[2]See 28 U.S.C. § 2254(b)(1) which states in pertinent part that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that... the applicant has exhausted the remedies available in the courts of the State[.]"

ACCORDINGLY, the Court **ORDERS** that Plaintiff's "Timely Motion for Rehearing or Reconsideration" (Dkt. 24) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on February 23, 2010.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: Petitioner *pro se*
Counsel of Record